UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMARI H. PATTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 15-0881-ABJ |
| | ) |
| UNITED STATES OF AMERICA *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff is a federal prisoner incarcerated at the Federal Correctional Institution in Bruceton Mills, West Virginia.[1] He claims that the Bureau of Prisons has failed to correct inaccuracies in his Presentence Investigation Report maintained in his prison file and that failure has had adverse consequences. Plaintiff seeks correction of the report and $500,000 in monetary damages. *See generally* Compl. [Dkt. # 1].

Defendants move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted and for summary judgment under Rule 56 [Dkt. # 14]. Plaintiff has filed an opposition [Dkt. # 23], and defendants have filed a reply [Dkt. # 21]. Since BOP's inmate files are exempt from the Privacy Act's accuracy and

---

[1] A jury in the United States District Court for the Western District of Pennsylvania convicted plaintiff in 2004 of more than twenty-five counts of drug-related felonies. He is serving an aggregate prison term of 360 months. *See United States v. Patton*, 619 Fed. App'x 43, 43 (3d Cir. 2015) (per curiam).

1

amendment requirements, the Court will grant defendants' motion to dismiss in accordance with well-settled precedent.[2]

## I. LEGAL STANDARD

In evaluating a motion to dismiss under Rule 12(b)(6), the court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.' " *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *see Warren v. District of Columbia*, 353 F.3d 36, 39-40 (D.C. Cir. 2004) (differentiating unacceptable conclusions of law from acceptable conclusions of fact).

"To survive a [Rule 12(b)((6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff's "[f]actual allegations must be enough to raise

---

[2] This action was styled as a "Complaint Under the Federal Tort Claim Act, Pursuant [to] Title 28 U.S.C. § 1346(b)(1) and 5 U.S.C. § 552a(4)(B)." Based on the exclusivity of the Privacy Act, the court dismissed plaintiff's FTCA claim pursuant to the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915A. *See* June 10, 2015 Order [Dkt. # 4].

2

a right to relief above the speculative level . . . .") (citations omitted). While "[a] pro se complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers . . . even a pro se complaint must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (internal quotations marks and citations omitted).

## II. ANALYSIS

As the Court of Appeals has explained with regard to BOP records:

> Privacy Act § 552a(e)(5) requires agencies to ensure that any records used in "making any determination about any individual" are "maintain[ed] . . . with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." . . . Section 552a(d) requires agencies to entertain requests for amendment of records that are not "accurate, relevant, timely, or complete." . . . If an agency rejects a request for amendment, the subject of the contested record can bring suit in federal court and obtain de novo consideration of whether amendment is warranted. . . . If the court so finds, it "may order the agency to amend the individual's record." . . .
>
> But the Privacy Act also permits agencies to exempt certain of their systems of records from many of the obligations it imposes. 5 U.S.C. § 552a(j). In 1976, BOP exempted its Inmate Central Records System from § 552a(d)'s amendment provision. . . . *See* 28 C.F.R. § 1.97(a) . . . . As the district court found, as our precedents make clear, and as amicus acknowledged at oral argument, that exemption prevents us from ordering the amendment of an inmate's records.

*Skinner v. U.S. Dep't of Justice & Bureau of Prisons*, 584 F.3d 1093, 1096 (D.C. Cir. 2009) (citations omitted); *see accord Lane v. Fed. Bureau of Prisons*, 442 Fed. Appx. 578 (D.C. Cir. 2011) (per curiam), citing *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam)). In addition, plaintiff's damages claim fails because it is premised on violations of the exempting regulations. *Donelson v. Fed. Bureau of Prisons*, No. 15-5136, 2015 WL 9309944, at

*1 (D.C. Cir. Dec. 7, 2015); *see Conklin v. U.S. Bureau of Prisons*, 514 F. Supp. 2d 1, 6 (D.D.C. 2007) (explaining that the regulations exempting filing systems from § 552a(e)(5) "effectively" bar a plaintiff "from obtaining any remedy, including damages, under subsection (g), for the [agency's] alleged failure to maintain records pertaining to him with the mandated level of accuracy") (citing cases)).[3]

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted. A separate order accompanies this Memorandum Opinion.

*[signature: Amy B Jackson]*

AMY BERMAN JACKSON
United States District Judge

DATE: July 19, 2016

---

[3] To the extent that BOP was obligated by its own policy to verify the accuracy of plaintiff's presentence investigation report, its staff took reasonable steps to do so by contacting the appropriate United States Probation Office. *See* Def.'s Stmt. of Undisputed Material Facts ¶¶ 4-6. And as an arm of the judiciary, that office is not subject to the Privacy Act's requirements. *See Morris v. U.S. Prob. Servs.*, 723 F. Supp. 2d 225, 227 (D.D.C. 2010), quoting *Ramirez v. Dep't of Justice*, 594 F. Supp. 2d 58, 62 (D.D.C. 2009) ("United States Probation Offices are units of the federal courts [which are not considered agencies under the Privacy Act] and therefore are not subject to the Privacy Act.") (alterations in original).